CRONOS TECHNOLOGIES, LLC,                                                  PLAINTIFF

V.

CAMPING WORLD INC.,                                                          DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendant's Motion to Dismiss. (DN 15.) Plaintiff has responded, (DN 19), and Defendants have replied, (DN 22). This matter is ripe for adjudication. For the following reasons, Defendant's Motion to Dismiss (DN 15) is GRANTED IN PART AND DENIED IN PART.

### BACKGROUND

This patent infringement action was filed on August 30, 2012, by Plaintiff, Cronos Technologies, LLC, ("Cronos") against Defendant, Camping World, Inc. ("Camping World"). Cronos, a Delaware limited liability company with a principle place of business in Wilmington, Delaware, owns "United States Patent No. 5,664,110 entitled '*Remote Ordering System*'" ("'110 Patent"). Camping World, a Delaware corporation with a principle place of business in Bowling Green, Kentucky, operates the website www.campingworld.com, which Cronos alleges infringes on the '110 Patent. Camping World now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Cronos's Complaint fails to state plausible claims for relief.

Cronos alleges liability under two theories: direct infringement and infringement inducement.[1] As to direct infringement of the '110 Patent, Cronos alleges that, upon information and belief, Camping World:

> owns, operates, advertises, and controls its website, www.campingworld.com, that infringes the '110 patent either literally or under the doctrine of equivalents. . . . Defendant has infringed and continues to infringe one or more claims of the '110 patent by making, using, and providing a remote ordering terminal, associated with Defendant and its order processing system with attendant item codes, comprised of a user identifier means, a data entry device, a user-specific database, a storage memory, a communication means between the devices and terminal, and a command entry device, in this district and elsewhere in the United States through its website.

(Pl.'s Compl. ¶ 10.) Cronos also asserts an indirect infringement claim, specifically inducement to infringe. In this regard, Cronos alleges that, upon information and belief, Camping World:

> has induced and continues to induce infringement of one or more claims of the '110 patent . . . by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a remote ordering terminal, associated with Defendant and its order processing system with attendant item codes, comprised of a user identifier means, a data entry device, a user-specific database, a storage memory, a communication means between the devices and terminal, and a command entry device, said terminal having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers.

(Pl.'s Compl. ¶ 11.) Cronos asserts that Camping World has had knowledge of the '110 Patent "since commencement of this action at least and . . . continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the '110 patent." (*Id.*) Finally, the Complaint states that Camping World "specifically intended that its customers use the accused products in a way that infringes the '110 patent", specifically, by "providing instructions . . . on how to use the accused products in such a way that infringes the '110 patent" and that Camping World knew that providing those instructions "would induce, have induced,

_____
[1] In its prayer for relief, Cronos also indicates it seeks an injunction barring Camping World from "further acts" of contributory infringement." (Pl.'s Compl. ¶ D.) However, in its Response to Defendant's Motion to Dismiss, Plaintiff concedes that it did not state a claim for contributory infringement and does not oppose its dismissal.

and will continue to induce infringement by its customers." (*Id.*) Cronos also attaches to its Complaint the '110 Patent.

Based on these allegations, Cronos seeks damages, a permanent injunction against Camping World, and attorney's fees. Camping World has moved to dismiss the Complaint in its entirety.

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). And although a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Rather, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

**DISCUSSION**

I.     *Plaintiff's Direct Infringement Claim*

Camping World first argues that because Cronos has failed to meet the facial plausibility standard of *Twombly/Iqbal*, its direct infringement claim must be dismissed. Although Camping World is correct that some district courts have applied *Twombly* and *Iqbal*'s facial plausibility standard to direct patent infringement claims, the Federal Circuit has more recently held that direct infringement complaints patterned after Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure are sufficient to survive a motion to dismiss. *See K–Tech Telecom., Inc. v. Time Warner Cable, Inc.*, 2013 WL 1668960 at *5–6 (Fed. Cir. Apr. 18, 2013) (noting that "to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleading requirements, the Forms control"); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333-36 (Fed. Cir. 2012) (same). This Court agrees with the Federal Circuit and those district courts that have held that a party alleging direct infringement need only comply with Form 18.

Camping World contends that Cronos's Complaint fails to meet even the standards of Rule 8 and Form 18. Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of the infringement; and (5) a demand for an injunction and damages.

*In re Bill of Lading Transmission*, 681 F.3d at 1334 (citation omitted). To comply under Form 18, a complaint for direct patent infringement must identify the type of product with enough detail to give the defendant notice as to which product it must defend. *Magna Mirrors of Am., Inc. v. 3M Co.*, 2013 WL 625721, at *2-*3 (E.D. Mich. Feb. 20, 2013). "Form 18 contains a

broad description of the patents['] subject matter and the accused products: 'electric motors'; it does not identify specific model numbers or names of accused products." *Id.* at *2 (quoting *Traffic Information, LLC v. YAHOO! Inc.*, 2010 WL 2545500, at *2 (E.D. Tex. Apr. 13, 2010)).

Cronos's Complaint is patterned after Form 18 and complies with its requirements. *See* Pl.'s Compl. ¶¶ 5-7 (allegation of jurisdiction); 3 & 9 (ownership of patent); 10-12 (statement that Defendant is infringing the patent); 11 (written notice by way of Complaint); and "Prayer for Relief" (demand for injunction, damages, and attorney's fees). Although Camping World takes issue with the brevity of the allegations in Cronos's Complaint, the Court finds they adequately identify the product in a way that gives Camping World sufficient notice. Here, Cronos alleges that Camping World's website, www.campingworld.com, utilizes a remote ordering terminal "associated with its order processing system with attendant item codes, comprised of a user identifier means, a data entry device, a user-specific database, a storage memory, a communication means between the devices and terminal, and a command entry device", (*Id.* ¶ 10), which infringes the '110 patent involving a "remote ordering system which enables the building of a database of user-discernible product or service identification information within a user-accessible device." (Patent Information, DN 1-1.) Accordingly, the Court denies Camping World's motion to dismiss Cronos's direct infringement claim.

## II.     *Plaintiff's Indirect Infringement Claim*

Unlike a direct patent infringement claim, "the general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims." *In re Bill of Lading Transmission*, 681 F.3d at 1336-37 (noting that because indirect infringement claims "contain additional elements not found in direct infringement claims," there is no adequate justification for holding indirect infringement claims to the Form 18 standard). In other words, because Form 18 addresses only direct

infringement, [the Court] must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement." *Id.* at 1337.

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Unlike direct infringement, where no more is required than a defendant's unauthorized use of a patented invention, *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065 n.2 (2011), to establish liability for induced infringement, "a patent holder must prove that once the defendants knew of the patent, they actively and *knowingly* aid[ed] and abett[ed] another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (emphasis and alterations in original) (quoting *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)). In other words, induced infringement "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances*, 131 S. Ct. at 2068.

Cronos argues that because it alleges that Camping World "provid[ed] instructions and guidance to its customers on how to make orders through its website", it has sufficiently alleged that Camping World is more than "a passive party who is only aware of the customers' activities." (Pl.'s Resp., 8, DN 19.) This argument ignores the fact that, in addition to proving the inducer intended to cause the *acts* of the third party (here, Camping World's customers) that constitute direct infringement (here, ordering through the website), a patent holder ultimately must also prove the *specific intent* to induce actual infringements. *DSU Med. Corp.*, 471 F.3d at 1306. Such specific intent "requires knowledge of the existence of the patent that is infringed." *Global-Tech Appliances*, 131 S. Ct. at 2068.

As to Camping World's knowledge of the patent, Cronos alleges that "Defendant has had knowledge of the '110 patent since commencement of this action at least." (Pl.'s Compl. ¶ 11.) This is not enough. *See*, *e.g.*, *Brandywine Commc'ns Techs., LLC v. Casio Computer Co. Ltd.*,

912 F. Supp. 2d 1338, 1347 (M.D. Fla. 2012) (knowledge after the filing of suit is not sufficient knowledge for indirect infringement); *Aguirre v. Powerchute Sports, LLC*, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (same); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (same). Accordingly, Cronos does not state a plausible claim of indirect infringement and it must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, (DN 15), is GRANTED IN PART AND DENIED IN PART. Defendant's Motion is GRANTED as to Plaintiff's claims for active inducement of infringement and contributory infringement. These claims are DISMISSED WITH PREJUDICE. Defendant's Motion is DENIED as to Plaintiff's claim for direct infringement. Thus, Plaintiff's direct infringement claim remains before the Court.


Date:



CC:    Counsel